IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| DAVID CHESTER FAULKNER ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:13-cv-0654 |
| ) | |
| CORIZON HEALTH CARE CORP., WARDEN ) | Judge Campbell |
| CARPENTER, ASSOCIATE WARDEN MAYS, ) | |
| NURSE PRACTITIONER LISA JACK, ) | |
| NURSE REUBEN (N/L/N), NURSE LISA (N/L/N), ) | |
| NURSE KRYSTAL (N/L/N), HEALTH SERVICES ) | |
| ADMINISTRATOR McCONNELL, ) | |
| TDOC COMMISSIONER SCHOFIELD, and ) | |
| TDOC MEDICAL DIRECTOR CADRACHE, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Plaintiff David Chester Faulkner, a prisoner confined at the Riverbend Maximum Security Institution ("RMSI") in Nashville, Tennessee, brings this *pro se* civil rights action under 42 U.S.C. § 1983, alleging that officials at RMSI have been deliberately indifferent to his serious medical needs. Because the plaintiff proceeds *in forma pauperis*, his complaint is before the court for initial review under 28 U.S.C. § 1915(e)(2).

**I.      Standard of Review**

Under 28 U.S.C. § 1915(e)(2)(B), the court must conduct an initial review of a civil complaint filed *in forma pauperis* and dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on

initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II. Factual Allegations

In this case, the plaintiff alleges that when he arrived at RMSI in July 2012, he was immediately sent to Meharry Medical Center for treatment of a dislocated right shoulder. The plaintiff was sedated and the dislocated shoulder was "reduced and reset" by the doctor. The plaintiff's discharge instructions indicated the plaintiff needed to be referred for an orthopedic surgical consultation because of the severity of the damage to the joint.

Since then, the plaintiff has repeatedly submitted requests for further treatment, but all such requests have been denied. The plaintiff states that his shoulder now "pops out of [the] socket" on a daily basis, and he is constantly in "excruciating pain." (ECF No. 1, at 5.) The plaintiff states that "all defendants have been contacted in writing by Plaintiff asking for help," but he has never been seen by the medical doctor on staff and has never received a referral to an orthopedic specialist." (*Id.*)

The plaintiff alleges that the defendants, by refusing further treatment, have been deliberately indifferent to his serious medical needs, and further suggests that the refusal to provide treatment is in retaliation for the plaintiff's having filed an earlier lawsuit against the prison officials (at the prison where he was previously held) who caused the injury in the first place.

The defendants named in the complaint are Corizon Health Care Corp., Dr. Alexander, Nurse Practitioner Lisa Jack, Warden Carpenter, Associate Warden Mays, Nurse Reuben, Nurse Lisa, Nurse

-2-

Krystal, Health Services Administrator McConnell, TDOC Commissioner Schofield, and TDOC Medical Director Cadrache (or Kadrache).[1] The plaintiff states these defendants "are all aware of Plaintiff's injury and have not intervened to stop these constitutional violations." (ECF No. 1, at 6.)

**III.      Discussion**

To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts showing that he was deprived of a right secured by the Constitution or laws of the United States, and that the deprivation was caused by a person acting under color of state law. *Harris v. City of Circleville*, 583 F.3d 356, 364 (6th Cir. 2009); *see* 42 U.S.C. § 1983. Both parts of this test must be satisfied.

The plaintiff claims that he has been subjected to deliberate indifference on the part of prison administrative and medical personnel toward his serious medical needs, in violation of the Eighth Amendment. *See Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004) ("The Eighth Amendment prohibits prison officials from 'unnecessarily and wantonly inflicting pain' on prisoners by acting with 'deliberate indifference' towards the inmate's serious medical needs." (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976))).

A deliberate-indifference claim has both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). To satisfy the objective component, "the plaintiff must allege that the medical need at issue is 'sufficiently serious.'" *Comstock*, 273 F.2d at 702 (citing *Farmer*, 511 U.S. at 834). "A serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (quoting *Blackmore*, 390 F.3d at 897). For the subjective component, "the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded the risk." *Id.* Thus, "negligence in the administration of medical treatment to prisoners is not itself actionable under the Constitution, [but] failure to provide adequate treatment is a violation of the [E]ighth [A]mendment when it results from 'deliberate indifference to a prisoner's serious illness or injury.'" *Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754,

---

[1] The plaintiff spells this defendant's name alternately with a "C" and with a "K."

762 (3d Cir. 1979) (quoting *Estelle*, 429 U.S. at 106).

In the present case, the plaintiff alleges that he was ordered by the physician he saw in July 2012 to have an orthopedic consultation, but that upon his return to the prison, he never was referred to an orthopedic specialist and has not seen the medical doctor at the prison, despite numerous sick-call requests and complaints and the filing of grievances. He complains that his shoulder has gotten progressively worse, that it now pops out of the joint on a daily basis, and that he is constantly in severe pain. The Court finds, for purposes of this initial review, that the plaintiff's continuously dislocating shoulder constitutes a sufficiently serious condition to satisfy the "objective" component of a deliberate-indifference claim.

With respect to the question of whether the plaintiff has alleged facts showing that the "official[s] being sued subjectively perceived facts from which to infer substantial risk to the prisoner," actually drew that inference, and then disregarded the risk, *Harrison*, 539 F.3d at 518, it is somewhat problematic that the plaintiff does not allege specifically what acts each defendant took that support the claims against them. However, the plaintiff does state that all the defendants are "aware of Plaintiff's injury and have not intervened to stop these constitutional violations." (ECF No. 1, at 6.) In this case, the plaintiff claims that each individual defendant was apprised of his situation and failed to help him. With respect to those persons directly involved in the provision of medical care at the prison, including Dr. Alexander, Nurse Practitioner Lisa Jack, and nurses Lisa, Reuben, and Krystal, the allegations in the complaint give rise to a reasonable inference that each of these individuals was directly involved in the provision of (or failure to provide) healthcare to the plaintiff, and that they either drew or should have drawn the inference that the failure to provide further medical care for his shoulder posed a serious risk of injury to him. For purposes of the initial review, the Court will permit the claims to proceed against Dr. Alexander, Nurse Practitioner Lisa Jack, Nurse Reuben, Nurse Lisa, and Nurse Krystal.

With respect to defendants Warden Carpenter, Associate Warden Mays, Health Services Administrator McConnell, TDOC Commissioner Schofield, and TDOC Medical Director Cadrache (or Kadrache), the plaintiff does not allege, nor is it plausible to infer, that any of these supervisory defendants had direct participation in health-care decisions regarding any particular inmate, including the plaintiff. The allegations in the complaint suggest that these individuals may have failed to take action after receiving letters from the plaintiff complaining about others' failure to treat him or to refer him for treatment of his shoulder

injury. These defendants might conceivably have rejected a grievance, or upheld on appeal the rejection of a grievance submitted by the plaintiff. However, merely denying a grievance or affirming the denial of a grievance does not give rise to liability under § 1983. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (where defendants' "only roles . . . involve the denial of administrative grievances or the failure to act . . . they cannot be liable under § 1983"); *Martin v. Harvey*, 14 F. App'x 307, 309–10 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care."). Furthermore, an allegation that a supervisor was aware of an actionable wrong committed by a subordinate and failed to take corrective action "is insufficient to impose liability on supervisory personnel under § 1983." *Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988). "[A] failure of a supervisory official to supervise, control, or train the offending individual officers is not actionable absent a showing that the official either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 874 (6th Cir. 1982).

In short, the plaintiff's allegations do not give rise to a reasonable inference that the warden, association warden, or the TDOC officials named as defendants had any personal involvement in the decisions denying the plaintiff the treatment he sought. It is well settled that a defendant cannot be held liable under 42 U.S.C. § 1983 absent a showing that the defendant was personally involved in some manner in the unconstitutional conduct. *Cf. Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005) ("Because § 1983 liability cannot be imposed under a theory of *respondeat superior*, proof of personal involvement is required for a supervisor to incur personal liability."). The plaintiff's claims against these supervisory and administrative personnel will therefore be dismissed under 28 U.S.C. § 1915(e) and 1915A for failure to state a claim for which relief may be granted.

Likewise with respect to the entity, Corizon Health Care, *respondeat superior* liability is not available under § 1983. *See Street v. Corrs. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) (finding that CCA, a publicly held corporation operating a prison, was not vicariously liable for the actions of a co-defendant corrections officer accused of violating the plaintiff's Eighth Amendment rights). Instead, in order for Corizon to be liable, the plaintiff must allege or show that there is a direct causal link between a policy or custom of Corizon and the alleged constitutional violation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978);

*Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To do so, the plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363–64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). Proof of a single incident of unconstitutional activity may be sufficient to impose liability, but not unless the evidence includes proof that it was caused by an existing, unconstitutional policy. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985). The plaintiff here does not allege the existence of a company-wide policy regarding the provision of (or failure to provide) healthcare, or that the defendants were acting in accordance with a policy, and his allegations do not give rise to an inference of the existence of such a policy. The claim against Corizon Health Care is also subject to dismissal for failure to state a claim for which relief could be granted.

**IV.     Conclusion**

For the reasons set forth herein, the Court will enter an order under 28 U.S.C. §§ 1915(e)(2) and 1915A dismissing the claims in the complaint asserted against Corizon Health Care Corp., Warden Carpenter, Associate Warden Mays, Health Services Administrator McConnell, TDOC Commissioner Schofield, and TDOC Director of Medical Services Cadrache (Kadrache). The claims against the medical personnel named as defendants, including Dr. Alexander, Nurse Practitioner Lisa Jack, Nurse Reuben, Nurse Lisa, and Nurse Krystal will be permitted to proceed.

Todd Campbell
United States District Judge