IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DAVID CHESTER FAULKNER )
)
v. ) NO: 3:13-0654
)
PAUL ALEXANDER, M.D., et al. )

TO: Honorable Todd J. Campbell, District Judge

### R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered July 10, 2013 (Docket Entry No. 5), this action was referred to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b), Fed. R. Civ. P., and the Local Rules of Court.

Presently pending is the plaintiff's motion to compel (Docket Entry No. 14), which is actually a request for injunctive relief. Set out below is the Court's recommendation for disposition of the plaintiff's motion.

### I. BACKGROUND AND ANALYSIS

The plaintiff is an inmate of the Tennessee Department of Correction ("TDOC") confined at the Riverbend Maximum Security Institution ("RMSI") in Nashville, Tennessee. He filed this

action pro se and in forma pauperis on July 2, 2013, against several medical care providers at RMSI alleging that he was being denied adequate medical treatment at RMSI in violation of his constitutional rights and seeking relief under 42 U.S.C. § 1983. Specifically, he contends that he suffers from a shoulder injury which has essentially been ignored by the medical staff after the initial treatment for the injury in July 2012. By Order entered July 10, 2013 (Docket Entry No. 5), this action was permitted to proceed against only five of the several defendants named in the plaintiff's complaint and process was issued to Dr. Alexander, Lisa Jack, Nurse Reuben, Nurse Lisa, and Nurse Krystal. Defendants Alexander and Jack have filed a joint answer (Docket Entry No. 19). Process for the three other defendants has been returned unexecuted for lack of a complete name for these three defendants. See Docket Entry Nos. 11-13.

By his motion, the plaintiff asserts that, on July 20, 2013, he requested emergency sick call for abdominal pain and a fever, which he contends are symptoms of appendicitis, but that the nurse on duty stated the medical staff would not see the plaintiff because he had sued "medical." He seeks an order prohibiting retaliation against him and requiring the RMSI medical staff to treat him.

Although the plaintiff filed his motion as a motion to compel, the plaintiff actually seeks preliminary injunctive relief. Preliminary injunctions are governed by Rule 65(a) of the Federal Rules of Civil Procedure and are considered preventive, prohibitory, or protective measures taken pending resolution on the merits. See Clemons v. Board of Educ., 228 F.2d 853, 856 (6th Cir. 1956). Preliminary injunctions are considered extraordinary relief, the issuance of which requires great caution, deliberation and sound discretion. Detroit Newspaper Publishers Ass'n v. Detroit Typographical Union No. 18, Int'l Typographical Union, 471 F.2d 872, 876 (6th Cir. 1972).

2

In determining whether to grant the plaintiff's requests for preliminary injunctive relief, this Court must consider: (1) whether the plaintiff has shown a strong or substantial likelihood or probability of success on the merits of the case; (2) whether the plaintiff will suffer irreparable injury if the injunction is not granted; (3) whether granting the injunction will cause potential harm to others; and (4) the impact of the injunction upon the public interest. McNeilly v. Land, 684 F.3d 611, 615 (6th Cir. 2012); Leary v. Daeschner, 228 F.3d. 729, 736 (6th Cir. 2000); Six Clinics Holding Corp., II v. CAFCOMP Systems, 119 F.3d 393, 401 (6th Cir. 1997) Parker v. U.S. Dep't of Agric. 879 F.2d. 1362, 1367 (6th Cir. 1989); Mason Cnty Med. Assocs. v. Knebel, 563 F.2d 256, 261 (6th Cir. 1977). These factors "do not establish a rigid and comprehensive test for determining the appropriateness of preliminary injunctive relief," Frisch's Rest. Inc. v. Shoney's, Inc., 759 F.2d 1261, 1263 (6th Cir. 1984), nor is any one factor controlling. Gonzales v. National Bd. of Med. Examiners, 225 F.3d 620, 625 (6th Cir. 2000). A preliminary injunction is an extraordinary remedy, and the party seeking the injunction bears the burden of justifying such relief. Granny Goose Foods, Inc. v. Teamsters, 415 U.S. 423, 441, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974).

Initially, the Court notes that the plaintiff's motion is not supported by any actual evidence and his allegation is not made in an affidavit. The plaintiff has also not shown that any of the named defendants were involved in the alleged event. The proof required to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion. Leary, 228 F.3d at 739. The plaintiff must affirmatively demonstrate his entitlement to injunctive relief. The lack of any supporting evidence for the plaintiff's motion is itself sufficient to warrant denial of the motion.

Furthermore, the plaintiff has not satisfied the standard required for a preliminary injunction. To succeed on the merits of his case, the plaintiff will be required to show deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). This is a substantial showing and neither negligence nor a mere disagreement over the wisdom or correctness of a medical judgment is sufficient for the purpose of a deliberate indifference claim. See Sanderfer v. Nichols, 62 F.3d 151, 154–55 (6th Cir. 1995). This action is still in the initial stage of pre-trial activity without a developed record. At this stage of the proceedings, the plaintiff's likelihood of success on his claims is no greater than that of the defendants. The plaintiff has simply not demonstrated that he has a strong or substantial likelihood of success on the merits.

The second factor also does not favor the plaintiff because he has not shown that he will suffer irreparable harm if the injunctive relief requested is not granted. The Court notes that there is no evidence before the Court indicating that the plaintiff suffered any type of irreparable harm because he was not seen on the day in question or even that he was denied treatment on more than the single occasion referred to in his motion. The balancing of harms required by the third factor does not weigh significantly in favor of the requested relief, and the plaintiff has not persuasively demonstrated that a public interest would be advanced by the requested relief as is required for the fourth factor. National Hockey League Players Ass'n v. Plymouth Whalers Hockey Club, 372 F.3d 712, 720 n.4 (6th Cir. 2003). Although the Court is troubled by an allegation of the nature made by the Plaintiff, absent extraordinary and urgently compelling reasons, the Court will not intervene in matters such as the day-to-day medical care operations in a correctional facility. Such reasons have not been shown and supported in the request made by the plaintiff.

4

The moving party has the burden of proving that the circumstances "clearly demand" a TRO or a preliminary injunction. Overstreet v. Lexington–Fayette Urban Cnty. Gov't, 305 F.3d 566, 573 (6th Cir.2002). The plaintiff has simply failed to meet his burden by the brief motion he has filed.

## R E C O M M E N D A T I O N

Accordingly, the Court respectfully RECOMMENDS that the plaintiff's motion to compel (Docket Entry No. 14) be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

        Respectfully submitted,

        JULIET GRIFFIN
        United States Magistrate Judge

5

Case 3:13-cv-00654   Document 24   Filed 10/24/13   Page 5 of 5 PageID #: 86