IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DAVID CHESTER FAULKNER  )
                                                                                           )
   v.                                                                 )         NO: 3:13-0654
                                                                                     )
PAUL ALEXANDER, M.D., et al.        )

TO:    Honorable Todd J. Campbell, District Judge

# REPORT AND RECOMMENDATION

By Order entered July 10, 2013 (Docket Entry No. 5), this action was referred to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b), Fed. R. Civ. P., and the Local Rules of Court.

Presently pending before the Court is the Motion for Summary Judgment (Docket Entry No. 43) filed by Defendants Paul Alexander and Lisa Jack, to which the plaintiff has filed a response in opposition. See Docket Entry No. 48. For the reasons set out below, the Court recommends that the Motion for Summary Judgment be granted and this action be dismissed.

## I. BACKGROUND

The plaintiff is an inmate of the Tennessee Department of Correction ("TDOC") currently confined at the Morgan County Correctional Complex ("MCCC"). He filed this action pro se and

in forma pauperis on July 2, 2013, seeking relief under 42 U.S.C. § 1983 against several medical care providers at the Riverbend Maximum Security Institution ("RMSI") in Nashville, Tennessee, alleging that he was denied adequate medical treatment at RMSI in violation of his constitutional rights.[1]

Specifically, the plaintiff contends that in July 2012, he was transported to the Nashville General Hospital/Meharry Medical Center ("Meharry") for treatment of a dislocated right shoulder and that, included in his discharge instructions, was an order that he be referred for an orthopedic surgical consultation. He alleges that he has never been taken for the consultation. He further alleges that his shoulder routinely dislocates and causes him pain but that he was not examined by Defendant Alexander and was not properly treated by the RMSI medical staff. The plaintiff finally alleges that the lack of treatment is a form of retaliation against him for his filing another lawsuit against prison officials at another TDOC facility.[2]

By Order entered July 10, 2013 (Docket Entry No. 5), plaintiff's claims were permitted to proceed against only five of the several defendants named in the complaint and process was issued to Dr. Paul Alexander, Lisa Jack, Nurse Reuben, Nurse Lisa, and Nurse Krystal. Defendants Alexander and Jack have filed a joint answer (Docket Entry No. 19). Process for the three other defendants was returned unexecuted because the summons did not include their last names. See

---

[1] The plaintiff was confined at the RMSI at the time he filed this lawsuit. On December 18, 2013, he filed a change of address notice indicating that he had been transferred back to the MCCC. See Docket Entry No. 35.

[2] Faulkner v. Steward, et al., 2:10-cv-2722, Western District of Tennessee. The lawsuit in the Western District does not involve any of the named defendants in the instant action.

Docket Entry Nos. 11-13. Pursuant to a scheduling order (Docket Entry No. 22), the parties were provided a period of pretrial activity.

Defendants Alexander and Jack seek summary judgment in this action contending that there are no genuine issues of material fact to be decided in the case. The Defendants argue that the plaintiff was provided with adequate medical care and that there is no evidence of deliberate indifference on their part to his medical needs. They acknowledge that the plaintiff suffers from a chronic medical condition that causes his right shoulder to frequently dislocate and that he was transported to Meharry on June 29, 2012, for a possible dislocation or fracture of his right shoulder. They contend that an x-ray at Meharry revealed no evidence of a separation or fracture of the shoulder. They assert that the plaintiff was frequently seen by the RMSI medical staff in response to his subsequent complaints about his shoulder, that x-rays of his shoulder were taken on numerous occasions and revealed no abnormalities,[3] and that pain medication has regularly been provided to the plaintiff. They further assert that the plaintiff is able to manipulate his own shoulder in order to dislocate and relocate it and that he has a history of drug seeking behavior, mood disorders, and self-mutilation. Defendant Alexander attests that a referral to a medical specialist for a consultation was not made for the plaintiff because it was not medically necessary. In support of their motion, the Defendants rely on their Statement of Undisputed Material Facts (Docket Entry No. 45), the Declaration of Paul Alexander (Docket Entry No. 43-1), the Declaration of Lisa Jack (Docket Entry No. 43-2), and the plaintiff's TDOC medical records that are attached as exhibits to the declarations.

---

[3] Defendant Alexander states that x-rays were taken of the plaintiff's right shoulder on June 1, 20, 29, and 30, 2012, May 8 and 15, 2013, and June 19, 2013. See Declaration of Alexander (Docket Entry No. 43-1), at 3, ¶ 6.

The plaintiff has filed a single page response in opposition to summary judgment in which he asserts that the Defendants withheld medical records that would be favorable to his case, that an orthopedic consultation was ordered on three occasions, and that he was not given standard treatment for his condition. See Docket Entry No. 48. The plaintiff's response is not supported by any evidence, filings, or citation to documents already in the record. In addition to his response, he has filed a motion for discovery, in which he seeks an order requiring the Defendants to turn over his entire TDOC medical file, including documents from the Meharry Hospital emergency room. See Docket Entry No. 49. The Defendants have not filed a response or reply to either of the plaintiff's filings.

## II. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. See also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." Sowards v. Loudon Cnty., 203 F.3d 426, 431 (6th Cir.), cert. denied, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the

light most favorable to the party opposing the motion." See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Gribcheck v. Runyon, 245 F.3d 547, 550 (6th Cir.), cert. denied, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 249-50. However, "[t]he moving party need not support its motion with evidence disproving the non-moving party's claim, but need only show that 'there is an absence of evidence to support the non-moving party's case.'" Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 566 (6th Cir. 2001) (quoting Celotex Corp., 477 U.S. at 325).

"Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." Goins v. Clorox Co., 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. Banks v. Wolfe Cnty. Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. Bell v. Ohio State Univ., 351 F.3d 240, 247 (6th Cir. 2003) (quoting Anderson, 477 U.S. at 252).

5

## III. CONCLUSIONS

The government has a constitutional obligation to provide medical care for the individuals it incarcerates, and "deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). A claim for deliberate indifference to a prisoner's serious medical needs has both a subjective and an objective component. See Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); Comstock v. McCrary, 273 F.3d 693, 702 (6th Cir. 2001).

To satisfy the objective component, the plaintiff must show that he had a "sufficiently serious" medical need. Comstock, 273 F.3d at 703. A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Blackmore v. Kalamazoo Cnty., 390 F.3d 890, 897 (6th Cir. 2004). For the subjective component, the plaintiff must demonstrate that the defendant had a sufficiently culpable state of mind, in other words, that the official acted with "deliberate indifference" to the plaintiff's serious medical need. Farmer, 511 U.S. at 834. Although this standard does not require a showing that the defendant acted with a purpose or intent to inflict harm, the standard is not satisfied by a showing of negligence. Comstock, supra. See Estelle, 429 U.S. at 105, 97 S.Ct. 285 ("[A]n inadvertent failure to provide adequate medical care cannot be said to constitute" a violation of the Eighth Amendment). The plaintiff must show more than medical malpractice and negligence on the part of the defendant because the subjective requirement acts "to prevent the constitutionalization of medical malpractice claims." Comstock, 273 F.3d at 703. See also Whitley v. Albers, 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986) ("To be cruel and

unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety. . . . It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause.").

After review of the record before the Court, the Court finds that summary judgment should be granted to the Defendants. Even if the Court finds that the objective element of the plaintiff's claim is satisfied because he suffered from a serious medical need, there is insufficient evidence before the Court to raise a genuine issue of material fact on the issue of deliberate indifference on the part of Defendants.

The plaintiff has offered only a cursory response to the Defendants' Motion for Summary Judgment and has not shown how either Defendant was deliberately indifferent to his medical needs by rebutting the Defendants' evidence and supporting his claim with any actual evidence. The Defendants set forth two declarations and medical records that show that the plaintiff was seen on numerous occasions in response to his complaints about his shoulder, had x-rays taken of his shoulder on no less than five occasions during the relevant time period, and was provided with pain medications. See Docket Entry Nos. 43-1 and 43-2. This undisputed evidence clearly shows that the plaintiff's medical issues concerning his shoulder were not ignored or treated with indifference and that he was provided with a course of treatment at the RMSI. Although the plaintiff was not taken for an outside orthopedic consultation, Dr. Alexander attested that he did not believe that a specialty appointment was medically necessary.

Based upon the Defendants' unrebutted evidence, no reasonable jury could find that the Defendants treated the plaintiff with deliberate indifference with respect to his medical needs as is

unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety. . . . It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause.").

After review of the record before the Court, the Court finds that summary judgment should be granted to the Defendants. Even if the Court finds that the objective element of the plaintiff's claim is satisfied because he suffered from a serious medical need, there is insufficient evidence before the Court to raise a genuine issue of material fact on the issue of deliberate indifference on the part of Defendants.

The plaintiff has offered only a cursory response to the Defendants' Motion for Summary Judgment and has not shown how either Defendant was deliberately indifferent to his medical needs by rebutting the Defendants' evidence and supporting his claim with any actual evidence. The Defendants set forth two declarations and medical records that show that the plaintiff was seen on numerous occasions in response to his complaints about his shoulder, had x-rays taken of his shoulder on no less than five occasions during the relevant time period, and was provided with pain medications. See Docket Entry Nos. 43-1 and 43-2. This undisputed evidence clearly shows that the plaintiff's medical issues concerning his shoulder were not ignored or treated with indifference and that he was provided with a course of treatment at the RMSI. Although the plaintiff was not taken for an outside orthopedic consultation, Dr. Alexander attested that he did not believe that a specialty appointment was medically necessary.

Based upon the Defendants' unrebutted evidence, no reasonable jury could find that the Defendants treated the plaintiff with deliberate indifference with respect to his medical needs as is

unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety. . . . It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause.").

After review of the record before the Court, the Court finds that summary judgment should be granted to the Defendants. Even if the Court finds that the objective element of the plaintiff's claim is satisfied because he suffered from a serious medical need, there is insufficient evidence before the Court to raise a genuine issue of material fact on the issue of deliberate indifference on the part of Defendants.

The plaintiff has offered only a cursory response to the Defendants' Motion for Summary Judgment and has not shown how either Defendant was deliberately indifferent to his medical needs by rebutting the Defendants' evidence and supporting his claim with any actual evidence. The Defendants set forth two declarations and medical records that show that the plaintiff was seen on numerous occasions in response to his complaints about his shoulder, had x-rays taken of his shoulder on no less than five occasions during the relevant time period, and was provided with pain medications. See Docket Entry Nos. 43-1 and 43-2. This undisputed evidence clearly shows that the plaintiff's medical issues concerning his shoulder were not ignored or treated with indifference and that he was provided with a course of treatment at the RMSI. Although the plaintiff was not taken for an outside orthopedic consultation, Dr. Alexander attested that he did not believe that a specialty appointment was medically necessary.

Based upon the Defendants' unrebutted evidence, no reasonable jury could find that the Defendants treated the plaintiff with deliberate indifference with respect to his medical needs as is

required for a constitutional claim. See Farmer, supra; Estelle, supra. At best, the plaintiff's claim essentially amounts to a personal displeasure with the adequacy of the treatment he received. Although "medical care which is so cursory as to amount to no treatment at all may amount to deliberate indifference," Terrance v. Northville Reg'l Psychiatric Hosp., 286 F.3d 834, 843–44 (6th Cir. 2002) (internal quotation marks and citation omitted), the evidence before the Court does not come close to supporting such a conclusion. When a prisoner has received some medical attention and the dispute is over the adequacy of that care, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law, Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976), and it is well-settled that neither negligence nor medical malpractice will support a constitutional claim. See Estelle, 429 U.S. at 106; Walker v. Norris, 917 F.2d 1449, 1454 (6th Cir. 1990); Roberts v. City of Troy, 773 F.2d 720, 724 (6th Cir. 1985). Although the care the plaintiff received at the RMSI may not have been the same as he might have received had he not been incarcerated and had he sought treatment on his own from private medical care providers, the Eighth Amendment does not guarantee that a prison inmate receive the "optimum or best medical treatment." Ruiz v. Estelle, 679 F.2d 1115, 1149 (5th Cir. 1982); McMahon v. Beard, 583 F.2d 172, 174 (5th Cir. 1978).

When a motion for summary judgment is made and properly supported under Rule 56 of the Federal Rules of Civil Procedure, the non-moving party may not merely rest on allegations contained in the complaint, but must respond with affirmative evidence supporting his claims and establishing the existence of a genuine issue of material fact. See Celotex Corp., 477 U.S. at 323-24; Chao v. Hall Holding Co., Inc., 285 F.3d 415, 424 (6th Cir. 2002); Cloverdale Equip. Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989). The plaintiff has failed to satisfy this burden. Although he

argues that medical records that are favorable to his case were not provided to him by the Defendants in discovery and were not included in the medical records that were attached to the Motion for Summary Judgment, he has not identified any specific records other than records he contends would show that an orthopedic consultation was ordered for him by the treating physician at Meharry. However, even if such evidence were in the records before the Court, it would show only a difference of opinion about the plaintiff's need for a specialty consultation. Given the other evidence showing that the plaintiff received medical treatment at the RMSI, the evidence he complains was not provided would amount to only a scintilla of evidence in his favor, which is not sufficient to defeat the Defendants' request for summary judgment. Summary judgment should be granted to the Defendants in this action.

Process was returned unexecuted for "Nurse Reuben," "Nurse Lisa," and "Nurse Krystal." See Docket Entry Nos. 11-13. Accordingly, they are subject to dismissal under Rule 4(m) of the Federal Rules of Civil Procedure because they have not been served with process within 120 days of the July 13, 2013, Order directing that process be issued to them. Even if these three individuals had been served, they would be entitled to summary judgment given the lack of evidence that the plaintiff was treated with deliberate indifference to his medical needs.

## RECOMMENDATION

The Court respectfully RECOMMENDS that the Motion for Summary Judgment (Docket Entry No. 43) be GRANTED, the plaintiff's motion for discovery (Docket Entry No. 49) be DENIED, and this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

    Respectfully submitted,


_Juliet Griffin_
JULIET GRIFFIN
United States Magistrate Judge